UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Shannon Shaw, as Personal Representative  )
of the Estate of Darrian Shaw, deceased           )
                                                                            )
                                                      Plaintiff,         )
                                                                            )
v.                                                                         )
                                                                            )
Tavares Police Officer French and Tavares   )
 Police Officer Bledsoe,                               )
                                                                            )
                                                      Defendants.   )

**Plaintiff's First Complaint**

Plaintiff Shannon Shaw, as Personal Representative of the Estate of Darrian Shaw,

deceased, through her attorneys Hale & Monico, LLC, complains of Defendants Tavares Police

Officer French and Tavares Police Officer Bledsoe and states as follows:

**INTRODUCTION**

**1.**    On or about November 8, 2019, a combination of negligence, recklessness, and

intentional misconduct led to the death of Darrian Shaw, a 24-year old man.

**2.**    Darrian Shaw was arrested by members of the Tavares Police Department. At the time of

his arrest, Darrian Shaw was visually intoxicated.

**3.**    Instead of taking Darrian to the police station or driving him home, these police officers

instead abandoned Darrian Shaw off near the intersections of two busy highways.

**4.**    Unfortunately, as Darrian Shaw was attempting to cross the busy highways, he was

struck and killed by a vehicle.

1

## PARTIES

**5.**      Plaintiff Shannon Shaw is the mother of Darrian Shaw and the personal representative of

his estate. She is a Florida resident.

**6.**      Defendant Tavares Police Officer French was, during the relevant time, an employee of

the City of Tavares as a sworn law enforcement officer and acted within the scope of their

employment and/or agency with the City of Tavares and under color of law. This defendant is

sued in their individual capacity.

**7.**      Defendant Tavares Police Officer Bledsoe was, during the relevant time, an employee of

the City of Tavares as a sworn law enforcement officer and acted within the scope of their

employment and/or agency with the City of Tavares and under color of law. This defendant is

sued in their individual capacity.

## JURISDICTION

**8.**      This action arises under the Constitution of the United States, under the laws of the

United States (specifically 42 U.S.C. §§ 1983, 1988), and under the laws of the State of Florida.

**9.**      The jurisdiction of this Court is invoked under the provisions of Title 28 of the United

States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this

Court pursuant to Title 28 of the United States Code, Section 1367.

**10.**      Venue is proper in the Middle District of Florida under Title 28 of the United States

Code, Section 1391(b)(2) as the events giving rise to this litigation occurred within this district.

## FACTS

11.     On November 7, 2019, at approximately 9:17 PM, an individual called for police assistance. This individual wanted Darrian Shaw, who was her nephew, removed from her property as Shaw was intoxicated and refusing to leave.

12.     Upon information and belief, Defendant Bledsoe responded to the scene and detained Shaw. Defendant Bledsoe then transported Shaw to the Circle K convivence store and left Shaw at that location. Defendant Bledsoe then warned Shaw to not return to his aunt's home.

13.     The fact that Shaw was extremely intoxicated was observed by the officer.

14.     Shaw then walked from the Circle K back to his aunt's home. The aunt called for police assistance a second time.

15.     Defendant French made contact with Shaw and warned him to stay away from his aunt's home. Shaw stated that he would be at a McDonald's.

16.     Defendant Bledsoe then interacted with Shaw at a Publix. Shaw stated that he had contacted his aunt about his property but would not be going to his aunt's home.

17.     Upon information and belief, Defendant Bledsoe then warned Shaw against returning to his aunt's home.

18.     Upon information and belief, Shaw's aunt called a third time for police assistance, stating that Shaw was at her home.

19.     Defendant French relocated to the aunt's home but Shaw was not there.

20.     Defendant French was informed that the aunt was walking around the neighborhood, looking for Shaw, and was threatening to shoot Shaw if he returned to the property.

21.     Defendant French was informed that Shaw was never at the property and relayed that information to the other officers.

22.     Defendant French and/or Defendant Bledsoe then detained Shaw.

23.     Shaw stated that his intention was to go home to Minneola, near Clermont, Florida.

24.     Defendant French and/or Defendant Bledsoe did not transport Shaw his home (which was approximately 19 miles away), or even to the police station.

25.     Instead, Defendant French and/or Defendant Bledsoe transported Shaw to a location near the intersections of US Highway 27 and State Route Highway 19.

26.     This intersection was located approximately 15 miles southwest of Tavares, Florida and approximately nine miles northwest of Shaw's home in Minneola, Florida.

27.     Upon information and belief, neither Defendant French nor Defendant Bledsoe contacted any family member to pick Shaw up or contacted a cab to take Shaw home.

28.     In other words, Defendant French and/or Defendant Bledsoe abandoned Shaw in the middle of nowhere, with no way to get home.

29.     Shaw was intoxicated at the time Defendant French and/or Defendant Bledsoe dropped Shaw off at that location.

30.     The defendant officer relayed the fact that Shaw was being dropped off at that location and no officer intervened to have the transporting officer take Shaw home or to take him to a safe location.

31.     Upon information and belief, Shaw then began to walk across the highway next to where he had been dropped off by Defendant French and/or Defendant Bledsoe.

32.     Upon information and belief, an individual named Jonathan McMasters was driving southbound on US Highway 27 at approximately 12:49 AM on November 8, 2019.

33.     Shaw was standing in the inside, southbound lane of US Highway 27, waving his arms, trying to get help, presumably so he could get to his home.

4

**34.**     McMasters' vehicle then struck Shaw.

**35.**     The vehicle collision proved fatal and Shaw died from his injuries.

## CLAIMS

### Count I – 42 U.S.C. § 1983
### Defendants French and Bledsoe
### Fourteenth Amendment

**36.**     Plaintiff incorporates all paragraphs of this complaint as though fully stated herein.

**37.**     Defendants French and/or Bledsoe picked up Shaw at a Circle K convenience store.

**38.**     Defendants French and/or Bledsoe transported Shaw from the safety of the convenience store to the intersection of two busy highways. These two defendants did not take any steps to ensure that Shaw was able to get home safely.

**39.**     By abandoning the intoxicated Shaw near the intersection of the highways, Defendants French and/or Bledsoe acted with deliberate indifference to an extremely great risk of serious injury to Shaw.

**40.**     Specifically, Defendants French and/or Bledsoe knew or show have known that an intoxicated individual – such as Shaw – would be at a great risk of getting struck by a vehicle when they were dropped off near the intersection of two highways.

**41.**     In short, Defendants French and/or Bledsoe removed Shaw from the relative safety of a convenience store and ejected him into the danger of a busy highway. By doing so, these two defendants subjected Shaw to a danger that had not previously existed and, by relocating him to the highways, made the intoxicated Shaw more vulnerable to the danger of getting struck by a vehicle.

**42.**     The conduct of Defendants French and/or Bledsoe shocks the conscience and violated Shaw's rights under the Fourteenth Amendment of the United States Constitution.

**43.**    As a direct consequence of Defendants French and/or Bledsoe's conduct, Shaw was injured when he was fatally struck by a vehicle.

WHEREFORE, Plaintiff, as personal representative of the Estate of Darrian Shaw, prays for judgment in her favor and against Defendants French and Bledsoe and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other such relief that is appropriate and just.

**Count II – 42 U.S.C. § 1983**
**Defendants French and Bledsoe**
**Fourth Amendment**

**44.**    Plaintiff incorporates all paragraphs of this complaint as though fully stated herein.

**45.**    At the time Shaw was taken into custody the second time, there was no probable cause for his arrest.

**46.**    Because there was not probable cause for his arrest at the time Shaw was detained the second time, Defendants French and/or Bledsoe violated Shaw's rights under the Fourth Amendment of the United States Constitution.

**47.**    As a direct consequence of Defendants French and/or Bledsoe's conduct, Shaw suffered damages.

WHEREFORE, Plaintiff, as personal representative of the Estate of Darrian Shaw, prays for judgment in her favor and against Defendants French and Bledsoe and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other such relief that is appropriate and just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

6

**RESPECTFULLY** submitted this 24th day of September, 2020.

/s/ *PAIGE S. STAUDENMAIER, ESQUIRE*
Paige S. Staudenmaier, Esquire
Florida Bar No. 0124251
Jason P. Herman, Esquire
Florida Bar No. 149357
Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407) 203-6564
Fax: (321) 710-1325
Attorneys for Plaintiff
PRINCIPAL EMAIL ADDRESS:
Smithpleadings@newlinlaw.com
Personal Email Address:
(NOT for Service of Pleadings and Documents):
Paige.Smith@newlinlaw.com
Marlene.Zervos@newlinlaw.com